CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    (415) 436-7063
    kevin.yeh@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 4:25-CR-156 YGR |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| JERARDO MENDEZ ZARAGOZA, | |
| Defendant. | Hearing Date: February 12, 2026 |
| | Time:     9:30 a.m. |
| | Judge:     Hon. Yvonne Gonzales Rogers |

## INTRODUCTION

For over a year, defendant Jerardo Mendez Zaragoza conspired with at least two other individuals to distribute various controlled substances, including cocaine and methamphetamine.

Zaragoza pleaded guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C).

For the reasons below and considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Zaragoza to a within-Guidelines term of imprisonment of **eight months**; three years of supervised release; forfeiture; and a special assessment of $100.

**DISCUSSION**

**I.      Zaragoza's Offense Conduct.**

The United States generally agrees with Probation's description of Zaragoza's offense conduct as set out in the PSR.  However, it is incomplete because, in his plea agreement, Zaragoza admitted that he "was trying to get as much crystal methamphetamine" as he could, thus indicating that he was also trafficking methamphetamine, as alleged in the Indictment.  Plea Agreement ¶ 2.

**II.      Procedural History**

On June 11, 2025, Zaragoza was indicted with one count of conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C).

On November 20, 2025, Zaragoza pleaded guilty via plea agreement to the sole count against him.  Sentencing is set for February 12, 2026, before this Court.

**III.      Sentencing Guidelines Calculation**

The parties agree that the Guidelines calculation is as follows:

a.      Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(14) (Less than 5 G of Methamphetamine and Less than 50 G of Cocaine):                    12

b.      Acceptance of Responsibility:                                                        -2

c.      Adjusted Offense Level:                                                              **10**

The government agrees with the PSR that Zaragoza's criminal history category is II.  Offense Level 10 at CHC II yields a Guidelines range of **8 to 14 months**.

**IV.      Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should first calculate the correct sentencing range under the Sentencing Guidelines.  *See id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the

Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (5) the need to provide restitution to any victims of the offense.

**V.    Recommended Sentence and Section 3553(a) Factors**

The government respectfully submits that a Guidelines sentence of **eight months** is sufficient, but not greater than necessary, to vindicate the considerations behind § 3553(a). Here, a sentence of eight months appropriately balances the § 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant.

A Guidelines sentence serves as just punishment for the offense. Undoubtedly, Zaragoza and his co-conspirators had the intention of trafficking significant amounts of dangerous drugs, such as methamphetamine and cocaine, as evidenced by their conversations overheard through wiretaps. The government did not uncover clear evidence, however, of actual quantities of drugs being distributed (other than by co-conspirator Donald Young). Nevertheless, there was indication of some drug activity, and Zaragoza quickly pleaded guilty to the charge against him, thus preserving governmental and judicial resources.

Zaragoza also has two teenaged children, whose care he shares with their mother. Although a defendant with children generally should not receive more lenient treatment than one without, the government is hopeful that Zaragoza will be deterred from further criminal conduct through his expressed desire to be a good parent and to remain present in their lives. PSR ¶ 65.

## CONCLUSION

In full consideration of the goals of sentencing and for the reasons stated herein, the government

U.S.' SENTENCING MEM.                    3
CASE NOS. 4:25-CR-156 YGR

respectfully recommends that the Court sentence Zaragoza to a low-end Guidelines term of imprisonment of eight months, which is comparable to the sentences for similarly situated defendants according to the Judiciary Sentencing Information database.  The government also respectfully requests that the Court impose a three-year term of supervised release; forfeiture; special assessment of $100; and a suspicionless search condition.[1]

DATED:  February 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


        /s/
KEVIN YEH
Assistant United States Attorney

---

[1] The government also respectfully recommends imposition of a special condition as follows: "The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search.  Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches."

U.S.' SENTENCING MEM.
CASE NOS. 4:25-CR-156 YGR

4